UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VISTEON CORP.,

        Plaintiff,                  CIVIL ACTION NO. 07-12250

vs.

                                    DISTRICT JUDGE PATRICK J. DUGGAN

NATIONAL UNION FIRE        MAGISTRATE JUDGE MONA K. MAJZOUB
INS. CO. OF PITTSBURGH,
PA.,
        Defendant.
_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO AMEND
PLEADINGS
AND
GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO
EXTEND DISCOVERY AND TO TAKE UP TO FIFTEEN DEPOSITIONS
AND
DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUR-REPLY BRIEF**

This matter comes before the Court on several discovery motions. The first is Defendant's Motion to Amend Pleadings (docket no. 29) filed on December 20, 2007. The second is Defendant's Motion to Extend Discovery and to Take up to Fifteen Depositions (docket no. 30) filed on December 21, 2007. The final motion is Plaintiff's Motion for Leave to File a Sur-Reply Brief filed on January 28, 2008. (Docket nos. 45, 46). Each party has responded to the other's motion, with the exception of the Motion for Leave to File a Sur-Reply Brief. These motions have been referred to the undersigned for decision. (Docket no. 35). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). These motions are now ready for ruling.

**1.    Facts**

Plaintiff Visteon Corp. claims that Defendant National Union Insurance Co. owes it coverage based on two insurance contracts with respect to a $16 million settlement that it entered into in 2002

-1-

with 42 female employees of Plaintiff. Defendant denied coverage based on several grounds. The parties are now conducting discovery. Under the present scheduling order all discovery is to be completed by January 31, 2008, and the deadline for filing motions is February 15, 2008. (Docket no. 14). By these motions, Defendant seeks leave to conduct up to fifteen depositions which is five more than is allowed without leave of court under Fed. R. Civ. P. 30(a)(2)(A). (Docket no. 30). Defendant also seeks an extension of the discovery deadlines of up to ninety days. (Docket no. 42). Finally, Defendant seeks leave to amend its Answer to add affirmative defenses of material breach and that the settlement was unreasonable in amount. Defendant also seeks leave to amend its Answer to more specifically allege that Plaintiff failed to comply with certain conditions precedent imposed by the applicable insurance policies. (Docket no. 29).

**2.      Standard**

Rule 30(a)(2)(A), Fed. R. Civ. P., provides that a party must obtain leave of court if it wishes to conduct more than ten depositions. Such leave "shall be granted to the extent consistent with the principles stated in Rule 26(b)(2)." Fed. R. Civ. P. 30(a)(2). Rule 26(b)(2) directs the Court to consider such factors as the burdensomeness and expense of the discovery compared to its likely benefit, whether the party has had ample opportunity to obtain the information sought, and whether the discovery sought is unreasonably cumulative or duplicative. Courts generally require a particularized showing of necessity from the party requesting additional depositions for each additional deposition. *See Lewis v. Mt. Morris Twp.*, 2007 WL 2902890 (E.D. Mich. Sept. 28, 2007).

A showing of good cause is required to modify the court's scheduling order. Fed. R. Civ. P. 16(b).

Leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Leave to amend may be denied when the proposed amendment would be futile, however. *See Yuhasz*

*v. Brush Wellman, Inc.,* 341 F.3d 559, 569 (6th Cir. 2003). The appropriate test to decide whether a proposed amendment is futile is identical to the one used when considering the sufficiency of a pleading under Rule 12(b)(6). *Thiokol Corp. v. Department of Treasury, State of Mich. Revenue Div.*, 987 F.2d 376, 382-83 (6th Cir. 1993). To deny a motion for leave to amend, the court must find at least some significant showing of prejudice to the opponent. *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986).

**3.     Analysis**

   **A.     More than Ten Depositions**

Defendant seeks leave to take the depositions of: (1) "several more of the underlying claimants;" (2) Visteon employee Andrea Simon who will supposedly testify that Ms. DiBattiste was mistaken when she claimed that she disclosed and investigated ten of the claimants; (3) Chuck Hudson, Visteon Human Resources Manager; and (4) Sophie McGuire, a settlement specialist hired by the Willie Gary law firm for the Visteon case. (Docket no. 42 at 2-4). Defendant has not identified the underlying claimants or shown what testimony is required from them. Defendant has also failed to identify why it is necessary to depose Chuck Hudson. Finally, Defendant has not shown any reason why the deposition of Sophie McGuire is necessary. Defendant has stated that it believes Andrea Simon will clarify the issue of whether ten of the claimants against Visteon were investigated by or on behalf of Visteon. Accordingly, Defendant has made a particularized showing sufficient to justify an expansion of the deposition limit only for Andrea Simon. *See Lewis,* 2007 WL 2902890. Defendant's motion will therefore be granted only to the extent that it will be allowed to depose Andrea Simon in addition to the ten depositions allowed under Rule 30(a)(2)(A). Ms. Simon's deposition must be completed on or before February 29, 2008.

   **B.     Motion to Extend Discovery**

Defendant must show good cause before this Court may extend the discovery deadlines. Fed. R. Civ. P. 16(b). The parties submitted a joint letter to this Court dated January 25, 2008 in which they state that due to an unforeseen medical development a thirty-day adjournment of the current February 15, 2008 motion cut-off deadline is necessary. In addition, the parties have agreed to schedule depositions for the last two weeks of February. Therefore, in practice the discovery deadline has been extended by about thirty days.

Defendant seeks an additional sixty-day extension of the discovery deadlines beyond this thirty-day extension. (Docket no. 42 at 7). The Court finds good cause for the thirty-day extension already agreed to by the parties. This will also allow Defendant sufficient time to conduct the Simon deposition. However, Defendant has failed to show good cause warranting an additional extension of the discovery deadlines. Accordingly, Defendant's motion will be granted to the extent that the discovery cut-off date is now February 29, 2008 and the motion cut-off date is now March 15, 2008. The parties may approach Judge Duggan for modification of any of the remaining dates set by the July 23, 2007 scheduling order. (Docket no. 14). Plaintiff's Motion for Leave to File a Sur-Reply Brief on this issue is denied. (Docket nos. 45, 46).

### C. Leave to Amend Pleadings

The amendments that Defendant seeks to plead in its Answer are clear and well-defined. Leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a). Futility is one basis upon which leave may be denied. However, arguments that a proposed amendment is futile should not be based on disputed facts. *See Thiokol Corp.*, 987 F.2d at 382-83 (applying standard of a motion to dismiss). In determining whether a motion to amend should be granted, the facts pleaded are taken as true. *See Chaz Constr., LLC v. Codell*, 137 Fed. App'x 735, 739-40 (6th Cir. 2005).

Discovery is not complete in this action. Material facts such as those surrounding the issues of waiver of defenses are sharply disputed by the parties. Based on the facts as alleged by Defendant, this Court cannot at this time find that Defendant's proposed amendments are futile. Moreover, to deny Defendant's motion the Court would have to find significant prejudice to Plaintiff. *Moore*, 790 F.2d at 562. The Court does not find the required prejudice. With regard to Plaintiff's claim that Defendant delayed bringing its motion to amend, the November 15, 2007 letter from Defendant's counsel to Plaintiff's counsel shows that Plaintiff had notice of these requested amendments as of that date. (Docket no. 26, ex. 1). The Court therefore does not find that any delay significantly prejudiced Plaintiff.

Accordingly, the Court will grant Defendant's Motion to Amend Pleadings to the extent that on or before January 31, 2008 Defendant may file an Amended Answer adding the affirmative defenses of material breach and that the settlement was unreasonable in amount. Defendant may also more specifically allege that Plaintiff failed to comply with certain conditions precedent in response to paragraphs 50 and 56 of Plaintiff's Complaint.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Amend Pleadings (docket no. 29) is **GRANTED** to the extent set forth above.

**IT IS FURTHER ORDERED** that Defendant's Motion to Extend Discovery (docket no. 30) is **GRANTED IN PART** to the extent that the discovery cut-off deadline is now February 29, 2008 and the motion cut-off deadline is March 15, 2008, and Defendant may depose Andrea Simon as its eleventh deposition in this action as set forth above.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File a Sur-Reply Brief (docket nos. 45, 46) is **DENIED.**

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: January 30, 2008         s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE


## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: January 30, 2008         s/ Lisa C. Bartlett
                                Courtroom Deputy