UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VISTEON CORP.,

        Plaintiff,        CIVIL ACTION NO. 07-12250

vs.

                        DISTRICT JUDGE PATRICK J. DUGGAN

NATIONAL UNION FIRE       MAGISTRATE JUDGE MONA K. MAJZOUB
INS. CO. OF PITTSBURGH,
PA.,
        Defendant.
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY (DOCKET NOS. 50, 53)**

This matter comes before the Court on Plaintiff Visteon's Motion to Compel Discovery filed under seal on March 7, 2008. (Docket nos. 50, 53). Defendant filed a Brief in Opposition to Visteon's Motion to Compel Discovery under seal on March 25, 2008. (Docket no. 69). Plaintiff filed a Reply Brief in Support of Plaintiff Visteon's Motion to Compel Discovery under seal on April 9, 2008. (Docket no. 83). The parties filed a Joint Statement of Resolved and Unresolved Issues on April 16, 2008. (Docket no. 86). The motion was referred to the undersigned for decision. (Docket no. 54). The Court heard oral argument on the matters on April 25, 2008. The motion is now ready for ruling.

1.     **Facts**

Plaintiff Visteon Corp. claims that Defendant National Union Insurance Co. owes it coverage based on two insurance contracts with respect to a settlement that it entered into in 2002 with 42 female employees of Plaintiff. Defendant denied coverage based on several grounds.

Under the present scheduling order all discovery was to be completed by February 29, 2008, and the deadline for filing motions was March 15, 2008. (Docket no. 47). Plaintiff served its Second Request for the Production of Documents and a Notice of Corporate Representative Deposition on Defendant on December 21, 2007. (Docket nos. 50, 53). After an agreed extension, Defendant served its Responses to both on January 24, 2008. Plaintiff brings this Motion to compel Defendant to produce certain responsive documents and compel the deposition of Defendant's corporate representative. The parties have resolved some of the issues and the only issues remaining are Request for Production Nos. 11, 12 and 14 and the corporate representative testimony. (Docket no. 86).

**2.  Standard**

Rule 26(b)(1), Fed. R. Civ. P., allows discovery of any matter not privileged that is relevant to a claim or defense of a party. Relevant information need not be admissible if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). Rule 37(a)(3)(B), Fed. R. Civ. P., allows a party to move for an order compelling a response to a Fed. R. Civ. P. 34 Request for Production of Documents and a Fed. R. Civ. P. 30(b)(6) designation of a corporate representative.

**3.  Analysis**

    **A.  Request for Production Nos. 11, 12, and 14**

Request for Production No. 11 seeks documents relating to employment discrimination claims against other AIG insureds settled between January 1, 2000 and December 31, 2002 and resulting in a settlement of $3 million or more. Request for Production No. 12 seeks documents relating to the same class of claims resulting in a judgment of $3 million or more within the same

time frame. Both requests seek documents showing (i) the amount of the settlement [or judgment], (ii) the number of claimants, (iii) the allocation of the settlement [or judgment] amount to different claimants, claims, theories of relief and/or attorneys' fees, and (iv) the insurer's participation in the settlement negotiations, if any.

Defendant argues that the these requests are irrelevant, overly broad and burdensome and may be protected work product and/or subject to the attorney-client privilege. Defendant argues that Plaintiff's requests for information about other settlements and judgments are not reasonably calculated to lead to the discovery of admissible evidence and amount to a fishing expedition and relies on caselaw where discovery of information related to other policy-holders was denied as irrelevant. Plaintiff provides contrary case law allowing such discovery when it is relevant.

The reasonableness of the underlying settlement was put at issue in this case when Defendant raised it as an affirmative defense. (Docket no. 48). Further, Defendant's expert references other settlements and judgments in its opinion regarding the reasonableness of the underlying settlement. Plaintiff limited its request to settlements and judgments similar in amount, timeframe and type of claim and argues that such matters are relevant to the claims and defenses in this action. Defendants' counsel testified that AIG on behalf of Defendant National Union made the decision not to cover the underlying settlement. Therefore, Plaintiff's request for documents relating to AIG's insureds is not irrelevant. To the extent the documents may be subject to privilege, Plaintiff concedes that Defendant may provide a privilege log. Fed. R. Civ. P. 26(b)(5). The Court finds that the information sought in Request Nos. 11 and 12 is relevant and reasonably calculated to lead to the discovery of admissible evidence.

Defendant objects that these requests are "enormously" burdensome. Defendants argue that retrieving the requested information will take several people several days and once the responsive settlements are located, confidentiality provisions would obligate the AIG to notify the parties to the settlement of the request. (Def.'s Br. in Opposition to Pl.'s Mot. to Compel Discovery at pp. 12-13, Docket no. 69, under seal). Defendants provide the affidavit of the Director of AIG's Domestic Claims in support of this argument. *(Id.* at Ex. 3 ¶¶ 8, 9, Docket no. 69).

The Court must limit the extent of discovery otherwise allowed by these rules if it determines that "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. Fed. R. Civ. P. 26(b)(2)(C). As set forth above, the issue of the reasonableness of the underlying settlement is relevant and important to both the claims and defenses; the proposed discovery in Request for Production Nos. 11 and 12 is important to resolving the issue of the reasonableness of the settlement and this weighs heavily in favor of allowing the discovery. Weighing Defendant's assertion that it would take several people several days to produce the documents at issue and the additional inconvenience of dealing with any potential confidentiality issues against the issues at stake including the amount of the underlying settlement, the parties' resources and the needs of the case, the Court does not find that this burden is unreasonable. The Court will order Defendant to produce documents responsive to Request for Production Nos. 11 and 12.

Request for Production No. 14 seeks all documents concerning the settlements of employment discrimination claims in Shoney's Inc.'s 1992-1993 settlement of discrimination litigation and State Farm Insurance Company's 1992 settlement of discrimination litigation.

Defendant objects that the request is unduly burdensome, overbroad, irrelevant and seeks information that is publicly available, protected work product and/or subject to the attorney-client privilege. The Court finds that Request for Production No. 14 seeking "all documents" is overbroad, not defined with the reasonable particularity required by Fed. R. Civ. P. 34 and is not narrowly tailored in scope or time to seek relevant information or information reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b). The Court will deny Plaintiff's Motion to Compel as to Request for Production No. 14.

**B.     Notice of Corporate Representative Deposition**

Fed. R. Civ. P. 30(b)(6) allows a party to name as a deponent a corporation and describe with reasonable particularity the matters on which the examination is requested. The named organization must designate one or more officers, directors, managing agents or other persons who consent to testify on its behalf and may set forth, for each person designated, the matters on which the person will testify. Fed. R. Civ. P. 30(b)(6). The parties agree that the topics described in Plaintiff's Notice of Corporate Representative Deposition correspond with the Second Request for Production of Documents. Each party relies on its objections and arguments set forth with respect to the Document Requests. Notice of Corporate Representative Deposition Item Nos. 1, 2 and 4 correspond with Document Requests 11, 12 and 14.

The parties do not dispute that Defendant timely responded to Plaintiff's discovery requests and served an Objection to Notice of Corporate Representative Deposition. Plaintiff noticed this deposition prior to the close of discovery and brought its motion to compel prior to the motion deadline. For the reasons set forth with respect to Request for Production Nos. 11 and 12, above, the Court will order Defendant to produce a corporate representative to testify on the undisputed

issues in Plaintiff's Notice of Corporate Representative Deposition and the subjects included in Deposition Item Nos. 1 and 2 (corresponding to Request for Production Nos. 11 and 12, above).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Discovery is **GRANTED** in part as set forth above and Defendant will serve responses and produce documents responsive to Request for Production Nos. 11 and 12 on or before June 2, 2008.

**IT IS FURTHER ORDERED** that Defendant will designate on or before May 19, 2008 one or more corporate representatives to testify on or before June 16, 2008 on the matters set forth in Deposition Item Nos. 1 and 2 [Request for Production Nos. 11 and 12] and the remaining undisputed Deposition Items.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel as to Request for Production No. 14 is **DENIED**.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: May 12, 2008         s/ Mona K. Majzoub
                            MONA K. MAJZOUB
                            UNITED STATES MAGISTRATE JUDGE


### PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: May 12, 2008         Lisa C. Bartlett
                            Courtroom Deputy